IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARION JONES,<br><br>    Plaintiff,<br><br>  v.<br><br>VICTOR CONTE,<br><br>    Defendant.<br>_____/ | No. C 04-5312 SI<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR STAY AND VACATING APRIL 22, 2005 HEARING DATE** |

Pursuant to Local Rule 7-1(b), the Court finds that defendant's motion to stay may be determined without oral argument. Having carefully considered the papers submitted, the Court hereby GRANTS defendant's motion for stay and VACATES the April 22, 2005 hearing date.

**BACKGROUND**

This Court currently has two cases involving Victor Conte pending before it. <u>United States v. Victor Conte, et al.</u>, CR 04-0044 SI, is a multi-defendant criminal case regarding allegations of unlawful distribution of performance-enhancing drugs. While under indictment in the criminal case, Conte made a series of statements in the print and television media involving performance-enhancing drugs and professional athletes, including Marion Jones. As a result, on December 15, 2004 Jones ("plaintiff") filed a complaint alleging defamation and tortious interference with business relations against Conte ("defendant"). In January, 2005, plaintiff filed a Notice of Related Case stating that her civil suit was related to <u>United States v. Victor Conte</u>. The Court agreed and ordered the cases related.

Defendant now brings a motion to stay the civil case until the resolution of the pending criminal matter.

**DISCUSSION**

A court may decide in its discretion to stay civil proceedings "when the interests of justice seem to require such an action." Keating v. Office of Thrift Supervision, 45 F.3d 322, 324 (9th Cir. 1995). The decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be determined based on the circumstances and competing interests involved in the case. Id. The court should consider the following factors: 1) the extent to which the defendant's Fifth Amendment rights are implicated; 2) the interest of the plaintiff in proceeding with the litigation and the potential prejudice to plaintiff of a delay; 3) the convenience of the court and the efficient use of judicial resources; 4) the interests of third parties; and 5) the interests of the public. Id. at 324-25.

The Court finds that the factors establish that a temporary stay is appropriate in the pending civil action. "[T]he strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter." Securities and Exchange Commission v. Dresser Industries, Inc., 628 F.2d 1368, 1375-76 (D.C. Cir. 1980). Both the civil and criminal cases arise from defendant's alleged involvement in the distribution of performance-enhancing drugs, as the veracity of his statements regarding plaintiff's actions directly relate to his involvement with the distribution of performance-enhancing drugs.

Plaintiff argues that defendant's Fifth Amendment rights will not be implicated if the civil case continues because defendant has already issued public statements about the matter. Plaintiff's argument relies on Federal Trade Commission v. J.K. Publications, Inc., 99 F.Supp.2d 1176 (C.D. Cal. 2000) and IBM Corp. v. Brown, 857 F.Supp. 1384 (C.D. Cal. 1994). However, in both of those cases defendants had already submitted sworn testimony in the civil matter, which minimized the remaining Fifth Amendment protection they could assert. J.K. Publications, Inc., 99 F.Supp.2d at 1199; I.B.M. Corp., 857 F.Supp. at 1390. In the current case, defendant has not submitted deposition testimony or sworn statements in any "proceeding"; therefore, defendant retains full protection under the Fifth Amendment. See United States v. Licavoli, 604 F.2d 613, 623 (9th Cir. 1979) (holding that waiver of the Fifth Amendment privilege is limited to the "particular proceeding in which the waiver occurs"). The Court finds that a stay is proper because "[i]f discovery moves forward, [the] defendant will be faced with the difficult choice between asserting [his] right against self-incrimination, thereby inviting prejudice in the civil case, or waiving those rights, thereby courting liability in the civil case."

Javier H. v. Garcia-Botello, 218 F.R.D. 72, 75 (W.D.N.Y. 2003).

Plaintiff argues that a stay is unwarranted because it will cause her prejudice. However, the harm she alleges relates to endorsement and sponsorship opportunities, as well as eligibility at certain track and field events. These harms may be remedied by monetary damages and plaintiff can be adequately compensated even if she obtains a judgment in her favor after the stay has lifted.

To the extent that the remaining factors are implicated in this case, they turn in favor of defendant. Staying the case makes efficient use of judicial resources by "insuring that common issues of fact will be resolved and subsequent civil discovery will proceed unobstructed by concerns regarding self-incrimination." Javier H., 218 F.R.D. at 75. Furthermore, the public interest is furthered by a stay because "the public's interest in the integrity of the criminal case is entitled to precedence over the civil litigant." Id. Therefore, the Court finds that a stay ensures the efficient use of judicial resources and supports the public interest.

Based on its finding that the Keating factors support defendant's motion, the Court GRANTS defendant's motion and STAYS the civil matter until the resolution of United States v. Victor Conte, CR 04-0044 SI, or until October 21, 2005, whichever occurs first. At that time, the parties are instructed to meet with the Court for a case management conference at 2:00 p.m. to discuss further proceedings.

**IT IS SO ORDERED.**

Dated: April 19, 2005

        S/Susan Illston
SUSAN ILLSTON
United States District Judge

3